(Superior Court of Cincinnati.)
Special Term, 1900.

## JOHN WORTHER v. EDWARD RUEHRWEIN et al.

An attorney appointed guardian *ad litem* of a minor defendant and who acted as attorney in the defense of an action against the minor to recover damages for assault and battery is not entitled, upon the successful result to his ward, to an allowance, as costs, of an attorneys fee for his services as such attorney.

---

SMITH, J.

This was an action by the plaintiff against the defendants, Edward Ruehrwein and Elizabeth Ruehrwein, who are husband and wife, and their minor sons, Edward Ruehrwein, Jr., and Frank J. Ruehrwein, to recover damages for an assault and battery upon the plaintiff.

Upon application of the defendant, Edward Ruehrwein, Dan Thew Wright was appointed guardian *ad litem* for the minor defendants, accepted the appointment and with D. H. Pottenger, another member of the bar, conducted the defense for all of the defendants.

The case was tried before myself and a jury. At the conclusion of the testimony of plaintiff a motion to arrest the case from the jury as to Edward Ruehrwein was granted; and the case proceeding as to the other defendants the jury returned a verdict in their favor. A motion for a new trial has been overruled.

A motion is now made by the guardian *ad litem* for an allowance of $250.00, as fees for services as attorney for the minor defendants, to be taxed as part of the costs in the case which are to be paid by the plaintiff.

The question whether a guardian *ad litem* can have an allowance made to him for attorney's fees in an action at law—in tort—to be taxed in the costs and paid by the unsuccessful party is a new question in our courts so far as my experience or information goes.

It is clear from the following sections of the Revised Statutes that if this allowance is made and taxed in the costs, it must be paid by the plaintiff.

Section 5348 Revised Statutes, provides that, "When it is not otherwise provided by statute, costs shall be allowed, of course, to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific real or personal property."

And in section 5349, Revised Statutes, it is provided that "if it appears that a justice of the peace has jurisdiction of the action and the same has been brought in any other court, and the judgment is less than one hundred dollars, unless the recovery be reduced below that sum by counterclaim or set-off, each party shall pay his own costs; and in all actions for libel, slander, malicious prosecution, assault, assault and battery, false imprisonment, criminal conversation or seduction, actions for nuisance or against justice of the peace for misconduct in office, when the damage assessed is under five dollars the plaintiff shall not recover costs."

And section 5350, Revised Statutes, then provides that, "Costs shall be allowed, of course, to any defendant, upon a judgment in his favor in the actions mentioned in the two preceding sections."

The two sections of the Revised Statutes which relate to the defense of infants by guardians *ad litem* are section 5003 and section 5001.

Section 5003, reads as follows: "The defense of an infant must be by a guardian for the suit, who may be appointed by the court in which the action is prosecuted, or by a judge thereof, or by a probate judge."

Section 5001, reads as follows: "The court shall require a guardian *ad litem*, or a trustee appointed under the preceding section, faithfully to discharge his duty, and upon his failure so to do, may remove him and appoint another in his stead; *and the court may fix a compensation for his services which shall be taxed in the costs against the minor or insane person."*

The contention of the guardian *ad litem* in this case is based upon the last lines of section 5001,, Revised Statutes, which I have italicised.

It is a familiar rule in chancery, in a certain class of cases, to allow attorneys' fees to be paid out of a fund under the control of the court. These cases are where one party has brought into court a fund which is to be distributed among a number of persons who belong to the same class. In such cases it is thought that the party who brought the fund into court should not be obliged to bear all the expenses incident to such a course. Without undertaking a complete enumeration of such cases, it will be sufficient for the purpose of illustration to refer to suits to assess stockholders' liability and suits to set aside fraudulent conveyances, in both of which classes of cases all the creditors are paid from the fund or property in court.

But the courts of common law never allowed attorneys' fees as part of the costs. Because at common law no right existed to recover any costs. This rule is recognized and declared in Farrier v. Cairns, Exrx., 5 Ohio, 45, in which it is said:

"It is equally certain that he had acquired no right to any judgment for costs. This must depend upon the statute law in force at the time judgment should be rendered. Costs are unknown to the common law. They are given only by statute and may be changed or entirely taken away at the will of the legislature."

The language of the statute, "compensation for his services," limits the compensation to services which the guardian shall render and does not authorize compensation for the services any other person may render; and therefore does not authorize payment for services rendered by an attorney for the infant or the guardian *ad litem;* and I do not think the statute can be made to cover such compensation by having the attorney appointed as guardian *ad litem* because such services are not ordinarily incident to the office of guardian *ad litem* and cannot therefore be presumed to be within the contemplation of the statute.

Furthermore, I think that an intention to make so radical a change in the common law as to impose the attorney's fees of the successful infant upon his unsuccessful opponent, should clearly appear from the statutes before it is conceded to exist.

The Supreme Court of Illinois, as late as the year 1894, had occasion to construe a statute quite similar to the one under consideration which had been enacted by the legislature of Illinois with respect to courts of chancery.

The case I refer to is Hutchinson v. Hutchinson, 152 Ill., 353; and the statute under examination read as follows:

"In any case of equity it shall be lawful for the court in which the cause is pending to appoint a guardian *ad litem* to any infant or insane defendant in such cause, and to compel the person so appointed to act. By such appointment such person shall not be rendered liable to pay costs of suit, and he shall moreover be allowed a reasonable sum for his charges as such guardian to be fixed by the court, and taxed in the bill of costs."

In refusing to make an allowance to the guardian for the expenses of his attorney and the expert witnesses called by him, the court held that the statute properly construed would not warrant such an allowance. It declared that:

"It would be a heavy tax upon, if not a denial of justice to keep out of court a citizen who is advised that he has a just ground for relief in equity, without he assumes a liability to pay the fees and expenses of the solicitors and experts employed by his adversaries, in all cases where one or more of the opposite parties in interest happens to be under full age."

This declaration applies with equal force to the construction of our statute contended for by the guardian *ad litem* in this case.

As no special services are proven by the guardian *ad litem* other than his services as attorney, I see no ground for an allowance other than that usually made to the guardian *ad litem*, viz: $5.00 for each infant.

D. Thew Wright and D. H. Pottenger, for guardian *ad litem*.

C. R. Werner, for plaintiff.